**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**        23-MJ-8138-BER

UNITED STATES OF AMERICA

v.

DERUNE LILLY,

      Defendant

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?        No

Respectfully submitted,

MARKENZIE LAPOINTE
UNITED STATES ATTORNEY

By:    *Gregory Schiller*
      Gregory Schiller
      Assistant United States Attorney
      FL Bar No.        0648477
      500 South Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Tel: 561-820-8711
      Email: gregory.schiller@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  23-mj-8138-BER |
| DERUNE LILLY | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 10, 2023 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a)(2) & (b)(2) | Illegal reentry after removal having been convicted for an aggravated felony |

FILED BY_____TM_____D.C.

**Mar 12, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

RAFAEL A
MORONTA

Digitally signed by RAFAEL A
MORONTA
Date: 2023.03.12 10:54:07
-04'00'

*Complainant's signature*

HSI Special Agent Rafael A. Moronta

*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (FaceTime).

Date: _____ 03/12/2023 _____

*Judge's signature*

City and state: _____ West Palm Beach, Florida _____

United States Magistrate Judge Bruce E. Reinhart

*Printed name and title*

**AFFIDAVIT OF PROBABLE CAUSE**

I, Rafael A. Moronta, being duly sworn, do hereby depose and state:

1.       I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in West Palm Beach, Florida, and have been so employed since 2011.  I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19, 21 and 31 of the United States Code.  Prior to my assignment as a Special Agent, I was employed with the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations, as an Immigration Enforcement Agent.  I have conducted investigations involving human smuggling and their related criminal activity and have become familiar with the methods and schemes employed by individuals who smuggle persons or who have themselves crossed illegally into the United States, even after removal and/or deportation.

2.       This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies.  The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware.  However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

3.       On March 10, 2023, United States Border Patrol (BP) agents assigned to the Miami Sector-West Palm Beach, Florida encountered Derune LILLY, a/k/a Derune DUNCAN (herein after LILLY) who knowingly re-entered or attempt to re-enter the United States after being

Page **1** of **4**

previously removed after previously being convicted for an aggravated felony, in violation of Title 8, United States Code, Section 1326(a)(2) and (b)(2).

4.      On March 10, 2023, United States Border Patrol Agents assigned to the Miami Sector – West Palm Beach Station, were notified by a Palm Beach County Sheriff's Office (PBSO) Marine Unit of a potential maritime smuggling event that made landfall at the Ocean Inlet Park in Boynton Beach, Florida that occurred at approximately 3 A.M. The vessel, a 24' Rampage (white) w/ 2x Yamaha o/b engines, was observed by the PBSO Eagle beached with no lights on and multiple individuals sitting on the deck. Approximately 13 individuals offloaded from the vessel under the A1A bridge and absconded from the vessel. Law enforcement was able to apprehend ten (10) of the vessel's occupants. All 10 individuals were taken into custody and brought to the Border Patrol Station in West Palm Beach, Florida for processing. Based upon law enforcement investigation, the captain of the vessel was not identified.

5.      At the station, LILLY's information and fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database. This query resulted in a positive match indicating that LILLY had a prior immigration history under alien registration file A*** *** 820, and identified as a citizen and national of Guyana. His Guyanese passport, found on his person, listed his name as Derune Lilly, with a date of birth of August 20, 1972.

6.      It was learned that on August 06, 1997, LILLY had been sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years for criminal sale of a controlled substance in the third degree (crack cocaine) in the state of New York (upheld on appeal, *People v. Duncan*, 256 A.D.2d 1016 (1998)). After conducting IDENT/APIS and other records checks, it was

revealed that LILLY-DUNCAN, a citizen and national of Guyana, was previously removed from the United States on March 12, 2004. The photograph of LILLY matched the person presently arrested.

7.      Record checks through the Department of Homeland Security (DHS) CLAIMS database on, A *** *** 820, failed to locate any evidence that LILLY had applied for or received permission from the Secretary of the Department of Homeland Security for reentry into the United States.

8.      During a post-*Miranda* interview by Special Agents of the Homeland Security Investigations, LILLY admitted that he legally entered the United States in or about 1994 on a "B1/B2" visitor's visa but had illegally overstayed his permitted time in the United States up and until his removal in 2005.  He also admitted that he had been previously deported from the United States and he had a criminal conviction for narcotics out of the state of New York.  LILLY had attempted to illegally re-enter the United States with the purpose of visiting his family in in Brooklyn, New York.  LILLY stated that he did seek a legal pathway for migration into the United States from the embassy in Guyana, but was denied.

## CONCLUSION

9.       Based on the foregoing facts, I submit that probable cause exists to charge CABRAL-Pena with having violated Title 8, United States Code, Section 1326(a)(2) and (b)(2). Section 1326(a)(1) and (b)(2).

FURTHER AFFIANT SAYETH NAUGHT.

RAFAEL A MORONTA    Digitally signed by RAFAEL A MORONTA
Date: 2023.03.12 10:55:24 -04'00'

RAFAEL A. MORONTA
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1. on March ___13___, 2023.

THE HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:  DERUNE LILLY

 **Case No**:      23-MJ-8138-BER

Count #1:

Illegal reentry after removal having been convicted for an aggravated felony

8 U.S.C. § 1326(a)(2) & (b)(2)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 (mandatory minimum term of 1 years)
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA CASE

## NUMBER:  23-MJ-8138-BER

## BOND RECOMMENDATION

DEFENDANT:  DERUNE LILLY

Recommendation: Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*

AUSA:    Gregory Schiller

Last Known Address: _____

_____

_____

What Facility:  _____

_____

Agent(s):  HSI SA Rafael A. Moronta

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)  (ICE)  (**OTHER**)