UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80047-CANNON

UNITED STATES OF AMERICA

vs.

DERUNE LILLY,
   a/k/a "Derune Duncan",

**Defendant.**
_____/

## FACTUAL PROFFER

The United States of America, DERUNE LILLY, a/k/a "Derune Duncan" (hereinafter referred to as the defendant or "LILLY"), and his counsel agree that, had this case proceeded to trial, the United States' evidence would have shown, beyond a reasonable doubt, that, among other things:

1.    On March 10, 2023, United States Border Patrol Agents assigned to the Miami Sector – West Palm Beach Station, were notified by a Palm Beach County Sheriff's Office (PBSO) Marine Unit of a potential maritime smuggling event that made landfall at the Ocean Inlet Park in Boynton Beach, Florida that occurred at approximately 3 A.M. The vessel, a 24' Rampage (white) w/ 2x Yamaha o/b engines, was observed by the PBSO Eagle beached with no lights on and multiple individuals sitting on the deck. Approximately 13 individuals offloaded from the vessel under the A1A bridge and absconded from the vessel. Law enforcement was able to apprehend ten (10) of the vessel's occupants. All 10 individuals were taken into custody, including the defendant, LILLY, and brought to the Border Patrol Station in West Palm Beach, Florida for processing. Based upon law enforcement investigation, the captain of the vessel was not

1

identified.

2. At the station, LILLY's information and fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database. This query resulted in a positive match indicating that LILLY had a prior immigration history under alien registration file A*** *** 820, and identified as a citizen and national of Guyana. His Guyanese passport, found on his person, listed his name as Derune Lilly, with a date of birth of August 20, 1972.

3. Previously, on August 06, 1997, LILLY had been sentenced to an indeterminate term of imprisonment of 8 ½ to 25 years for criminal sale of a controlled substance in the third degree (crack cocaine) in the state of New York (upheld on appeal, *People v. Duncan*, 256 A.D.2d 1016 (1998)). After conducting IDENT/APIS and other records checks, it was revealed that LILLY, a citizen and national of Guyana, was previously removed from the United States on March 12, 2004. The photograph of LILLY matched the person presently arrested.

4. Record checks through the Department of Homeland Security (DHS) CLAIMS database on, A *** *** 820, failed to locate any evidence that LILLY had applied for or received permission from the Secretary of the Department of Homeland Security for reentry into the United States.

5. During a post-*Miranda* interview by Special Agents of the Homeland Security Investigations, LILLY admitted that he legally entered the United States in or about 1994 on a "B1/B2" visitor's visa but had illegally overstayed his permitted time in the United States up and until his removal in 2005. He also admitted that he had been previously deported from the United States and he had a criminal conviction for narcotics out of the state of New York. LILLY had attempted to illegally re-enter the United States with the purpose of visiting his family in in

Brooklyn, New York. LILLY stated that he did seek a legal pathway for migration into the United States from the embassy in Guyana but was denied.

6. The parties agree that these facts meet the elements of Title 8, United States Code, Section 1326(a) and (b)(2), and are sufficient to prove the defendant's guilt beyond a reasonable doubt in this case.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/20/23   By: _____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 4/20/23   By: _____
GREY TESH
ATTORNEY FOR THE DEFENDANT

Date: 4/20/23   By: _____
DERUNE LILLY
DEFENDANT